IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| **JOSEPH D. ROBERTS,** § | |
| § | |
|    Plaintiff, § | |
| § | |
| v. § | Civil Action No. 4:20-cv-01276-O-BP |
| § | |
| **COMMISSIONER OF SOCIAL** § | |
| **SECURITY,** § | |
| § | |
|    Defendant. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is Defendant's Unopposed Motion to Reverse and Remand ("Motion"), filed August 16, 2021, which seeks remand under 42 U.S.C. § 405(g). ECF No. 21. After considering the Motion and the case record, the undersigned **RECOMMENDS** that United States District Judge Reed O'Connor **GRANT** the Motion, **REVERSE** this case, and **REMAND** it to the Commissioner for further administrative action.

Section 405(g) permits two types of remand orders. *Melkonyan v. Sullivan*, 501 U.S. 89, 97–102 (1991). The first type arises from sentence four, which empowers the district court to enter a judgment "affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." § 405(g). A sentence-four remand terminates the lawsuit, as the district court must enter an accompanying final judgment adjudicating the case on its merits. *Stierwalt v. Comm'r, Soc. Sec. Admin.*, No. 4:20-cv-00967-O-BP, 2021 WL 3377580, at *1 (N.D. Tex. July 9, 2021), *rec. adopted*, No. 4:20-cv-00967-O-BP, 2021 WL 3372701 (N.D. Tex. Aug. 2, 2021).

The second type arises under § 405(g)'s sixth sentence and "may be ordered in only two situations: where the [Commissioner] requests a remand before answering the complaint, or where new, material evidence is adduced that was for good cause not presented before the agency." *Shalala v. Schaefer*, 509 U.S. 292, 297 n.2 (1993) (citing § 405(g)); *see also Melkonyan*, 501 U.S. at 99–100. Sentence six, unlike sentence four, does not involve the district court adjudicating the case on its merits. *Melkonyan*, 501 U.S. at 98; *see also Shalala*, 509 U.S. at 297 (distinguishing the two types of § 405(g) remands).

Here, Defendant moves the Court "to reverse and remand this case pursuant to the fourth sentence of 42 U.S.C. § 405(g)." ECF No. 21. Defendant filed this Motion after answering Plaintiff's Complaint. ECF No. 14. Neither party contends there is new, material evidence warranting remand under sentence six. *See* ECF Nos. 1, 18, 21. Defendant also has conferred with Plaintiff's counsel, who is unopposed to the Motion. ECF No. 21. Remanding under sentence four is thus proper. Accordingly, the undersigned **RECOMMENDS** that Judge O'Connor **GRANT** the Motion, **REVERSE** this case, and **REMAND** it to the Commissioner for further administrative action.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.

Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

**SIGNED** August 17, 2021.

*[signature]*
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE